**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

SERGIO LEONEL ALVAREZ HUZ, )
)
Petitioner, )
)
v. ) Case No. CIV-26-2029-SLP
)
WARDEN, Diamondback Correctional Facility, et al., )
)
)
Respondents. )

# **ORDER**

Petitioner, Sergio Leonel Alvarez Huz, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition as Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a).[1] The Magistrate Judge advised the parties of their right to object to the R&R and directed that any objections be filed on or before November 23, 2026. R&R [Doc. No. 11] at 5. The parties were further advised that any failure to object would waive the parties' right to appellate review of the factual and legal issues addressed in the R&R. *Id.* Neither party has filed an objection, nor has an extension of time in which to object been sought or granted. Therefore, the Court finds

[1] Specifically, the Magistrate Judge found that 8 U.S.C. § 1226(a) applies to Petitioner. *See* R&R [Doc. No. 21] at 3-4. The Magistrate Judge found that the proper relief for the violation of Petitioner's due process rights is a bond hearing under § 1226(a). *See id.* at 4.

that the parties have waived further review of all issues addressed in the R&R. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days[2] of the date of this Order.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on December 2, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[3]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 25th day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[2] *See Quiroz*, 130 F.4th at 1251 n. 13.

[3] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").